UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLERY DENNIS THOMAS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MADDEN, Warden, et al.,<br><br>　　　　Respondents. | Case No. 5:19-cv-00850-JAK-JC<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

**I.　SUMMARY**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition") and accompanying documents, the Motion to Dismiss the Petition and supporting documents, the October 28, 2019 original Report and Recommendation of United States Magistrate Judge ("Original R&R"), petitioner's late-filed Response to the Motion to Dismiss which the Court received after its issuance of the Original R&R and which contains requests for discovery and related tolling, a stay, and the appointment of counsel (Docket No. 21), the December 4, 2019 Superseding Report and Recommendation of United States Magistrate Judge ("Superseding R&R"), petitioner's Motion to Reconsider (Docket No. 22), which the Court received after its issuance of the Superseding R&R and which appears to seek reconsideration of/to object to the Original R&R,

and all of the records herein.  Although petitioner has not filed objections to the Superseding R&R, the Court construes the Motion to Reconsider to constitute objections thereto.

The Court has made a *de novo* determination of those portions of the Superseding Report and Recommendation to which objection is made.  The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, denies the Motion to Reconsider/overrules petitioner's objections, and denies the requests contained within petitioner's Response to the Motion to Dismiss.  Although the Court has considered and overruled all of petitioner's objections and requests, the Court further addresses certain of petitioner's objections and requests below.

## II. DISCUSSION

### A. Petitioner Has Not Shown He Is Entitled to a Delayed Accrual Date for the Statute of Limitations or to Equitable Tolling

Petitioner asserts that there are "many particulars [he] did not know at trial," *e.g.*, defense counsel did not interview petitioner's family which "may have changed the outcome and verdict of trial," and defense counsel told petitioner that California was a "one party" state when it is a "two party" state. (Motion to Reconsider at 4-5, 10).  To the extent petitioner is arguing for a later accrual date for the statute of limitations under 28 U.S.C. § 2244(d)(1)(D), he has not shown entitlement to a later date.  The claims petitioner has raised in the Petition were raised with the state courts on direct appeal and predicated upon events that occurred at trial.

Petitioner also asserts that the Petition should not be considered time-barred because of his confinement in prison and the special restrictions that incarceration imposes. (Motion to Reconsider at 3).  Petitioner generally cites to lockdowns on a Level III yard, his transfer at some unknown time from one prison to another for two weeks, and his lack of an attorney or legal assistance as reasons for his failure

to timely file the Petition. (Motion to Reconsider at 3, 10-11). These alleged impediments do not entitle petitioner to tolling of the statute of limitations.

The asserted prison lock-downs and prison transfer do not warrant equitable tolling because they do not constitute "extraordinary circumstances" that stood in petitioner's way. Holland v. Florida, 560 U.S. 631, 649 (2010). Despite the alleged lockdowns and prison transfer, petitioner was able to file *pro se* one state habeas petition with the San Bernardino County Superior Court within the statute of limitations period. (Lodged Doc. 4). There is no suggestion that any lockdowns or the prison transfer prevented petitioner from filing timely the instant Petition – which simply repeats the claims raised by petitioner's counsel on direct review.

A petitioner who is denied access to his legal files while in administrative segregation or during a prison transfer may be entitled to equitable tolling so long as he is diligently pursuing his claims. See Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (petitioner denied access to legal materials while in administrative segregation entitled to equitable tolling); Lott v. Mueller, 304 F.3d 918, 924-25 (9th Cir. 2002) (petitioner denied access to legal files during transfer per prison policy entitled petitioner to equitable tolling). Here, petitioner has not alleged if or when he may have been without his legal materials, or demonstrated that he was reasonably diligent in pursuing his claims during the running of the statute of limitations. See Rhodes v. Kramer, 451 Fed. Appx. 697, 698 (9th Cir. 2011) (limited library access and lockdowns did not merit equitable tolling); Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (*pro se* status, deficient prison library, and reliance on helpers who were transferred or too busy to assist him did not warrant equitable tolling; inmate failed to demonstrate diligence in accessing prison law library when inmate failed to make any specific allegation as to what he did to pursue his claims and complain about situation) (citation omitted); Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (ordinary prison limitations on a petitioner's access to the law library do not

constitute extraordinary circumstances); Miller v. Marr, 141 F.3d 976, 978 (10th Cir.) (denying equitable tolling when petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims."), cert. denied, 525 U.S. 891 (1998); Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2 (N.D. Cal. Nov. 3, 1998) (lockdown expected, albeit unpredictable, part of prison life and not "extraordinary circumstance" that would justify equitable tolling where petitioner made no showing that it actually impeded his efforts to prepare petition, and had been able to file three state petitions during period he allegedly was hindered in his effort to file the federal petition).

Petitioner's lay status/ignorance of the law is not itself a basis for equitable tolling. See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013 n.4 (9th Cir.) ("[A] pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling."), cert. denied, 558 U.S. 897 (2009); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (*pro se* petitioner's lack of legal sophistication not by itself extraordinary circumstance warranting equitable tolling).

Petitioner also cites to the alleged lack of notes from his trial attorney and others as a basis for tolling. (Motion to Reconsider at 4, 10). While the denial of access to legal materials may in some circumstances entitle a habeas petitioner to equitable tolling (see Lott v. Mueller, 304 F.3d at 924), petitioner fails to demonstrate that his asserted lack of access to notes from his trial attorney and others caused him to file a late Petition or that it otherwise entitles him to equitable tolling. Again, the Petition merely presents the claims petitioner's counsel raised on direct review, which petitioner could have raised and did raise without the notes he alleges he is missing. See Waldron-Ramsey, 556 F.3d at 1014 (no equitable tolling where petitioner did not have state court records; diligent petitioner could have prepared basic form habeas petition and filed it to satisfy AEDPA deadline or at least filed it sooner); Ford v. Pliler, 590 F.3d 782, 790 (9th Cir. 2009) (lack of

legal files does not entitle a petitioner to equitable tolling when the petitioner knows the factual bases of his claims), cert. denied, 562 U.S. 843 (2010).

Finally, petitioner also cites to a purported 14-day delay from the California Court of Appeal's order on direct appeal directing the Superior Court to prepare a new sentencing order as a basis for tolling. (Motion to Reconsider at 3 (referencing Lodged Doc. 1 at 32-33)). The Court of Appeal's order and any related 14-day delay predate the time petitioner's conviction became final and accordingly do not entitle petitioner to any tolling of the statute of limitations.

### B. Petitioner Has Not Made a Credible Claim of Actual Innocence

Petitioner makes various allegations which could be construed as arguments that he is actually innocent of the crimes of which he was convicted. (Motion to Reconsider at 5-11). Once again, the Court does not find that any of petitioner's bald, self-serving allegations credibly suggest that he is actually innocent of his crimes, and do not provide the kind of new reliable evidence not introduced at trial that is required for this Court to hear his untimely claims. Schlup v. Delo, 513 U.S. 298, 329 (1995).

### C. Petitioner Is Not Entitled to a Stay of These Proceedings to Exhaust Any Unexhausted Claims

To the extent petitioner is again asking for a stay of these proceedings so that he may exhaust new claims in state courts (see Motion for Reconsideration at 5-12 (including new claims/arguments not raised in the Petition)), petitioner has not shown good cause for failing to exhaust his unexhausted claims, or that his claims are not plainly meritless, or that such claims are not themselves time-barred so as to warrant a stay. See Superseding Report and Recommendation at 11-13 (discussing petitioner's burden in showing entitlement to a stay to exhaust unexhausted claims).

### III. ORDERS

IT IS HEREBY ORDERED that petitioner's requests for discovery and

related tolling, a stay, and the appointment of counsel are denied, the Motion to Dismiss the Petition is granted, the Motion to Reconsider is denied, and the Petition and this action are dismissed with prejudice because petitioner's claims are time-barred.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on petitioner and counsel for respondents.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 13, 2020

_____
John A. Kronstadt
United States District Judge